IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER DUTTON,

                      Petitioner,

v.                                                   OPINION and ORDER

WARDEN R.D. KEYES,                            22-cv-526-wmc[1]

                      Respondent.

---

      Christopher Dutton, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dutton contends that he is entitled to earn credits towards his release under the First Step Act, but the Bureau of Prisons (BOP) has improperly concluded that he is ineligible to receive those credits. This petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which can be applied to petitions brought under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

      I am dismissing Dutton's petition because Dutton's release date is too far away for First Step Act credits to be applied to his sentence.

ANALYSIS

      The First Step Act contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). In January 2022 the Bureau of

---

[1] I am exercising jurisdiction over this case for purposes of review under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Prisons finalized a new rule codifying the bureau's procedures for the earning and application of credits under this system. FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 *et. seq.*

Dutton is serving a sentence for a conviction under 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. Dutton is eligible for home detention on October 5, 2029, and his projected release date is April 5, 2030. Dutton argues that up until June 2022 he had been allowed to earn First Step Act credits, but at that point the BOP determined that he was ineligible to earn First Step Act credits due to his crime of conviction. Dutton believes that he has earned 21 months of First Step Act credits, and he says that he may be entitled to immediate release if the BOP deems him eligible to earn First Step Act credits and recalculates his sentence.

Dutton is not entitled to relief under § 2241 at this point in his sentence. The First Step Act allows for earned time credits to be applied towards supervised release or prerelease custody only when the inmate has earned time credits that equal the remainder of the sentence. *See Lallave v. Martinez*, No. 22-cv-791 (NGG/RLM), 2022 WL 2338896, at *11 (E.D.N.Y. June 29, 2022) ("[T]he BOP is permitted to apply time credits only once an inmate has earned time credits that equal the remainder of [his] sentence.") (quotations omitted).

I also understand Dutton to be asking for immediate release as opposed to pre-release custody, but one year is the maximum amount of First Step Act time credits that may be applied toward an inmate's placement in supervised release. 18 U.S.C. § 3624(g)(3). Even if I were to accept that Dutton earned 21 months of First Step Act time credits, that would still leave Dutton with a release date of January 5, 2028. So, Dutton is not yet eligible to have this court intervene to address his claim. *See Rosales v. Pliler*, No. 20-cv-2136(CS), 2022 WL

16833656, at *4 (S.D.N.Y. Nov. 9, 2022) ("Petitioner is not entitled to have his FCA Time Credits applied to reduce his sentence length until he has earned sufficient credits to warrant his immediate release from prison."); *Mills v. Starr*, No. 21-cv-1225, 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022), *report and recommendation adopted*, No. 21-cv-1335, 2022 WL 4080750 (D. Minn. Sept. 6, 2022) (finding petition premature because petitioner had over six years remaining on her sentence and only 555 days of earned time credit); *Milchin v. Warden*, No. 22-cv-195, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) ("Until [petitioner] accumulates sufficient time credits to equal the remainder of his sentence, he is not eligible to have those credits applied."). Because Dutton is not entitled to the relief he seeks under the First Step Act, I will deny his petition as premature.

ORDER

IT IS ORDERED that:

1. Petitioner Christopher Dutton's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered December 13, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge